QUILLIN *v.* STATE.

4653                                               239 S. W. 2d 5

Opinion delivered May 7, 1951.

*Ike Murry,* Attorney General and *Robert Downie,* Assistant Attorney General, for appellee.

PAUL WARD, J. Berlin A. Quillin, appellant, was tried and convicted on an information charging him with the

crime of violating the Banking Act, alleging that on the first day of July, 1948, he unlawfully, willfully and feloniously gave a check in the amount of $105 drawn on the First National Bank of Hope, Arkansas, payable to W. R. Atkins; that payment of said check was refused by said bank because the said Berlin A. Quillin did not have sufficient funds to his credit in said bank to pay the check; that he well knew at the time he gave said check that he did not have sufficient funds to his credit in the said bank to pay the same, and that after being given ten days notice to pay said check he willfully and feloniously refused to make said check good or pay the same. It appears the information was drawn under §§ 67-714, 67-715 and 67-716 of the Ark. Stats. 1947. The first cited section provides that any person who, with intent to defraud, shall make or draw any check for the payment of money upon any bank, knowing at the time that he does not have sufficient funds for the payment of such check upon its presentation, shall be guilty, etc. The second cited section provides that the making and delivering of such a check upon which payment is refused shall be *prima facie* evidence of intent to defraud, and of knowledge of insufficient funds, provided such maker shall not have paid the drawee the amount thereof together with costs and protest fee within ten days after having received notice. The last cited section provides that if any such check shall exceed the sum of $25 the maker shall be deemed guilty of a felony and upon conviction shall be imprisoned in the penitentiary not less than six months or more than two years.

The evidence, viewed in the light most favorable to the State, shows that appellant gave W. R. Atkins a check dated July 1, 1948, in the amount of $105, drawn on the First National Bank of Hope, Arkansas, for which Atkins paid appellant $105 in cash; that said check was delivered to the said Atkins or his son-in-law at his place of business, and that same was sent to the said bank for deposit within a day or two after it was delivered to him and it was returned marked "insufficient funds"; that Atkins notified appellant, but appellant has failed, after nearly two years, to pay back the money or make the check good.

Appellant defended on the ground that the check was delivered without any intention that it would ever be cashed; that it was given to Atkins as security against any damage which he might cause to one of Atkins' cars which he had in his possession and was driving at the time. Appellant and Atkins were the only witnesses who testified in the case and the question of appellant's guilt or innocence was submitted to the jury upon their testimony. The jury returned a verdict finding the defendant guilty as charged and fixed his punishment at one year in the penitentiary.

Appellant filed a motion for a new trial in which he made the usual allegations that the verdict of the jury was contrary to the law and the evidence and, as. a fourth assignment, that he had discovered new evidence which was material, in that he had found his bank statement for the year "1947" when said check was written (the information and the testimony show that the check was given in the year 1948) and that the evidence was not available at the time of the trial and had become lost, although a diligent search had been made. No affidavits were attached and no testimony was taken on the motion, therefore it cannot be considered here.

In our opinion there is ample evidence to support the verdict of the jury and the trial court committed no error in overruling appellant's motion for a new trial. No objections were made to any of the court's instructions and the judgment of the lower court must be affirmed.

ROBINSON, J., dissents.